**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
Hayden T. Traver (State Bar No. 317428)
Email: hayden@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California  92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
GUY FAIRON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY FAIRON, an Individual, | Case No.: |
| Plaintiff, | |
| v. | |
| STARBUCKS #6576, a business of unknown form; MANA INVESTMENT COMPANY, LLC, a California limited liability company; and Does 1-10, | **Complaint for Damages and Injunctive Relief for:** |
| Defendants. | **1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181,** *et seq.;* **AND** |
| | **2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51,** *et seq.* |

-1-

COMPLAINT

1      Plaintiff, Guy Fairon ("Plaintiff"), complains of Defendants Starbucks

2  #6576, a business of unknown form; Mana Investment Company, LLC, a California

3  limited liability company; and Does 1-10 ("Defendants") and alleges as follows:

4                      **PARTIES**

5  1.    Plaintiff is an adult California resident.  Plaintiff has a Temporary Disabled

6  Person Parking Placard issued to him by the State of California. Plaintiff is limited

7  in performing one or more major life activities, including but not limited to:

8  walking, standing, ambulating, sitting and grasping objects.   As a result of these

9  disabilities, Plaintiff relies upon a wheelchair, including at times a wheelchair, to

10  ambulate.  With such disabilities, Plaintiff qualifies as a member of a protected

11  class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and

12  the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

13  2.    Plaintiff brings this action acting as a "private attorney general" as permitted

14  under the American with Disabilities Act of 1990 ("ADA") to privatize

15  enforcement of the ADA without the American tax payer(s) bearing the financial

16  tax burden for such action.

17  3.    Plaintiff is informed and believes and thereon alleges that Defendant Mana

18  Investment Company, LLC, a California limited liability company, owned the

19  property located at 11931 Beach Blvd Stanton, CA 90680 ("Property") on or

20  around June 20, 2018.

21  4.    Plaintiff is informed and believes and thereon alleges that Defendant Mana

22  Investment Company, LLC, a California limited liability company owns the

23  Property currently.

24  5.    Plaintiff is informed and believes and thereon alleges that Defendant

25  Starbucks #6576, a business of unknown form, ("Business") located at the Property

26  in June 20, 2018.

27  6.    Defendant Starbucks #6576, a business of unknown form, operates and

28  controls the Business located at the Property currently.

- 2 -

7.     Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURSIDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA").

9.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## GENERAL ALLEGATIONS

11.     Plaintiff went to the Business on or about June 20, 2018 to purchase a beverage.

12.     The Business is a facility open to the public, a place of public accommodation, and a business establishment.

13.     Parking spaces are one of the facilities, privileges and advantages reserved by

1    Defendants to persons at the property serving the Business.

2    14.    Unfortunately, although parking spaces were one of the facilities reserved for

3    patrons, there were no designated parking spaces available for persons with

4    disabilities that complied with the Americans with Disability Act Accessibility

5    Guidelines ("ADAAG") on June 20, 2018.

6    15.    Instead of having architectural barrier free facilities for patrons with

7    disabilities, Defendants have: a built-up curb ramp that projects from the sidewalk

8    and into the accessible parking area (Section 406.5).  Furthermore, the curb ramp is

9    in excess of the 2% maximum grade allowed by ADAAG specifications (Section

10   406.1). Therefore, currently, there is no compliant designated disabled parking

11   serving the Business which is designed for persons with disabilities.

12   16.    Subject to the reservation of rights to assert further violations of law after a

13   site inspection found *infra*, Plaintiff asserts there are additional ADA violations

14   which affect him personally.

15   17.    Plaintiff is informed and believes and thereon alleges Defendants had no

16   policy or plan in place to make sure that there was a compliant accessible access

17   parking reserved for persons with disabilities prior to June 20, 2018.

18   18.    Plaintiff is informed and believes and thereon alleges Defendants have no

19   policy or plan in place to make sure that the designated disabled parking for persons

20   with disabilities comport with the ADAAG.

21   19.    The designated disabled parking spaces for use by persons with disabilities

22   are a tip over, crash, fall hazard or trip hazard because it contains a built-up curb

23   ramp and cross slopes.

24   20.    Plaintiff personally encountered these barriers due to his reliance on

25   wheelchair transportation.  These inaccessible conditions denied the Plaintiff full

26   and equal access and caused him difficulty, humiliation and frustration because it

27   represented a tip-over hazard, and/or crash and fall hazard.

28   21.    As an individual with a mobility disability who at times is dependent upon a

- 4 -

wheelchair or other mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

22.    Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

23.    The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

24.    The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

25.    Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disability.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection.  However, please be on notice that the Plaintiff seeks to have all barriers related to his disability remedied.  See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

26.    Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the

1    Defendants exercised control and dominion over the conditions at this location prior

2    to June 20, 2018, (3) the lack of accessible facilities was not an accident because

3    had the defendants intended any other configuration, they had the means and ability

4    to make the change.

5    27.    Without injunctive relief, plaintiff will continue to be unable to fully access

6    Defendants' facilities in violation of Plaintiff's rights under the ADA.

7                        **FIRST CAUSE OF ACTION**

8    **(Violations of the Americans With Disabilities Act Of 1990, 42 U.S.C. § 12181,**

9                    ***et seq.* Against All Defendants)**

10    28.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged

11    above and each and every other paragraph in this Complaint necessary or helpful to

12    state this cause of action as though fully set forth herein.

13    29.    Under the ADA, it is an act of discrimination to fail to ensure that the

14    privileges, advantages, accommodations, facilities, goods, and services of any place

15    of public accommodation are offered on a full and equal basis by anyone who

16    owns, leases, or operates a place of public accommodation.  See 42 U.S.C. §

17    12182(a). Discrimination is defined, inter alia, as follows.

18           a.    A failure to make reasonable modifications in policies, practices, or

19                 procedures, when such modifications are necessary to afford goods,

20                 services, facilities, privileges, advantages, or accommodations to

21                 individuals  with disabilities, unless the accommodation would work a

22                 fundamental alteration of those services and facilities. 42 U.S.C. §

23                 12182(b)(2)(A)(ii).

24           b.    A failure to remove architectural barriers where such removal is

25                 readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are

26                 defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

27                 Appendix "D".

28           c.    A failure to make alterations in such a manner that, to the maximum

- 6 -

extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

30.    Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

31.    A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

32.    Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

33.    Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

///

///

## SECOND CAUSE OF ACTION

### (Violation of the UCRA, California Civil Code § 51 *et seq.*

### Against All Defendants)

34.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

35.     California *Civil Code* section 51, *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, *Civil Code* section 51, *et seq.*

36.     Because Defendants violate Plaintiff's rights under the ADA, they also violated the UCRA and are liable for damages.  CAL. CIV. CODE §§ 51(f) and 52(a).  These violations are ongoing.

37.     Plaintiff is informed and believes and thereon alleges that Defendants' actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, *Civil Code* section 51, *et seq.*, because Defendants have been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff.  Despite this knowledge, Defendants maintain their premises in an inaccessible form, and Defendants have failed to take actions to correct these barriers.

///

///

///

## PRAYER

WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:

1.    A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; Note: Plaintiff is not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act (Cal. C.C. §54) at all.

2.    An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code.

3.    An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.    For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California *Civil Code* section 52.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.


DATED: July 30, 2018                **MCFARLIN LLP**

By: _____

Jarrod Y. Nakano
Attorneys for Plaintiff
GUY FAIRON

COMPLAINT